## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TARIQ ALI,

PLAINTIFF,

v.

CIVIL ACTION NO._____

CORE CARE SYSTEMS INC.
d/b/a KIRKBRIDE CENTER,

DEFENDANT.

## COMPLAINT AND JURY DEMAND

Plaintiff Tariq Ali, by and through his attorneys, Bell & Bell, LLP, hereby files

the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1.      This is an action for an award of damages, liquidated damages, attorneys' fees

and other relief on behalf of Plaintiff Tariq Ali, a former employee of

Defendant Core Care Systems Inc. d/b/a Kirkbride Center ("CCS" or

"Defendant") who was supervised in his position by CCS' Director of Nursing,

Mary Hargro ("Ms. Hargro").  Mr. Ali has been harmed by Defendant's age

discrimination and harassment, and by Defendant's retaliation against Mr. Ali

for his complaints about age discrimination and harassment.  This action is

filed pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621,

et seq. ("ADEA") and the Pennsylvania Human Relations Act, 43 P.S. § 951,

et seq. ("PHRA").

## JURISDICTIONAL STATEMENT

2.     This Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

3.     The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

4.     This Court has supplemental jurisdiction over any Pennsylvania state law claims herein pursuant to 28 U.S.C. § 1367.

5.     All conditions precedent to the institution of this suit have been fulfilled.  On January 2, 2014, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC").  On May 23, 2016, the EEOC issued Plaintiff a Notice of Right to Sue.  This action has been filed within ninety days of Plaintiff's receipt of the Notice of Right to Sue.  With respect to Mr. Ali's PHRA claims herein, Mr. Ali's Charge of Discrimination was dual-filed as a Complaint with the PHRC more than one year ago.

2

**VENUE**

6. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b) because the claim arose in this judicial district and Plaintiff was employed by Defendant CCS in this jurisdiction.

**PARTIES**

7. Plaintiff Tariq Ali is a 71-year-old, male citizen and resident of Philadelphia, Pennsylvania and the United States of America.

8. Defendant CCS was and is a corporation duly organized and existing under state law that acted as Mr. Ali's employer with a location at 111 North 49th Street, Philadelphia, Pennsylvania 19139, where Mr. Ali was employed.

9. At all relevant times, employees of CCS acted as agents and servants for CCS.

10. At all relevant times, employees of CCS were acting within the scope of their authority and in the course of employment under the direct control of CCS.

11. At all relevant times, Defendant CCS is and has been an employer employing more than 500 employees.

12. At all relevant times, Mary Hargro was CCS' Director of Nursing and acted as Plaintiff's supervisor.

13. At all relevant times, Defendant is and has been a "person" and/or "employer" as defined in the laws at issue in this suit, and is accordingly subject to the provisions of said laws.

14. At all relevant times, Plaintiff was an "employee" of Defendant as defined in the laws at issue in this suit, and is accordingly entitled to the protection of said laws.

**FACTS**

15. Mr. Kakumiba is a 71-year-old adult individual within the class of individuals protected by the laws at issue in this suit.

16. Plaintiff was hired by CCS in November of 2010 to work as a Behavioral Health Technician.

17. Mr. Ali was hired at the age of 65 by CCS' previous Director of Nursing and its Director of Drug and Alcohol Units.

18. During his tenure with CCS, Mr. Ali performed his duties in an excellent manner.

19. Despite this, Mr. Ali was subjected to discrimination and harassment on the basis of his age, and was retaliated against for complaints he made about the unequal treatment he received, culminating in his termination on or about December 1, 2013.

20. Mr. Ali was treated differently at CCS because of his age and terminated as part of a pattern of CCS terminating or forcing out older workers while retaining younger workers.

21. There is ample evidence of discrimination directed toward Mr. Ali and other older workers at CCS.

22. Director of Nursing Mary Hargro was hired by CCS in June of 2011 and became Plaintiff's supervisor.

23. In the Summer of 2013, Ms. Hargro, who is nearly twenty years younger than Plaintiff, began issuing unwarranted discipline against Plaintiff and other older Behavioral Health Technicians, like Mr. Ali.

24. Ms. Hargro issued unwarranted discipline against Mr. Ali in July of 2013, allegedly for Mr. Ali's use of profanity during an emergency situation where Mr. Ali was attempting to assist a patient who was convulsing. Despite Mr. Ali's explanation for his actions, Ms. Hargro nonetheless suspended Mr. Ali without interviewing several witnesses Mr. Ali suggested to Ms. Hargro would support Mr. Ali's explanation.

25. In the summer of 2013, Ms. Hargro called a meeting with another Behavioral Health Technician who was over the age of sixty and informed him that, because of his age, he was no longer permitted to work overtime unless he first received approval from her. Prior to this meeting, that worker had been working significant overtime, sometimes up to thirty hours of overtime per week. After Ms. Hargro's meeting with this employee, where Ms. Hargro made clear to him that he was considered a less valuable employee because of his age, his overtime was extremely limited.

26. In addition to issuing unwarranted discipline and criticism to older workers like Mr. Ali, CCS and Ms. Hargro also engaged in a pattern of terminating older workers while retaining younger workers.

27. At or around the same time Mr. Ali was terminated, CCS terminated at least two other workers over the age of 60 and put another worker over the age of 60 on an unjustified suspension that did not follow the company's progressive discipline policy.

28. The circumstances surrounding his termination strongly suggest age discrimination was the real reason for Mr. Ali's termination and that the

proffered reason provided by CCS is mere pretext for age discrimination.  As set forth more fully elsewhere herein, Mr. Ali received a three-day suspension from Ms. Hargro in approximately July of 2013.  Then, on December 1, 2013 Mr. Ali was suspended again, allegedly for providing a patient with contraband.  Although Mr. Ali was exonerated of the contraband allegations, Ms. Hargro used the profanity allegations from several months prior, allegations that Mr. Ali had already been unjustly punished for, as a justification for Mr. Ali's termination.

29.   Defendant CCS discriminated against and harassed Mr. Ali because of his age, and retaliated against Mr. Ali because of his complaints about age discrimination and harassment, in violation of the ADEA and the PHRA.

30.   In the alternative, Defendant CCS' facially neutral practices, policies, and/or customs had a disparate impact upon employees over the age of 40 at CCS in violation of the ADEA and the PHRA.

31.   Defendant CCS willfully violated the ADEA and PHRA, as CCS knew that its actions violated the ADEA and PHRA and/or acted with reckless disregard as to whether its actions violated the ADEA and PHRA.

32.   Mr. Ali has suffered financial losses and economic harm as a direct and proximate result of the actions and inactions of Defendant.

33.   Mr. Ali has suffered, and continues to suffer severe emotional distress and mental anguish as a proximate result of the actions and inactions of Defendant.

34. CCS and its agents acted with the intent of causing, or in reckless disregard of the probability that their actions would cause Mr. Ali severe emotional distress and mental anguish.

## COUNT I
## Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.
### (Plaintiff v. Defendant CCS)

35. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

36. Plaintiff is over forty years of age and an individual within the class protected by the Age Discrimination in Employment Act.

37. In discriminating against and harassing Mr. Ali because of his age, and retaliating against Plaintiff for asserting his rights and objecting to discrimination and harassment, Defendant CCS violated the Age Discrimination in Employment Act.

38. Defendant CCS engaged in an intentional effort to terminate and otherwise discriminate against and harass older employees and retain younger employees.

39. Defendant CCS intentionally and willfully discriminated against and harassed Plaintiff because of his age and retaliated against Mr. Ali because of his complaints about and opposition to discrimination and harassment.

40. In the alternative, Defendant CCS' facially neutral practices, policies, and/or customs had a disparate impact upon employees over the age of 40 at CCS in violation of the ADEA.

41. As the direct result of the aforesaid unlawful employment practices engaged in by Defendant CCS, Plaintiff has sustained a loss of earnings, loss of future earning power, as well as back pay, front pay, and interest due thereon.

42. Defendant CCS' willful violations of the ADEA warrant an award of liquidated damages.

## COUNT II
### Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.
### (Plaintiff v. Defendant CCS)

43. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

44. Based on the foregoing, Defendant CCS engaged in unlawful employment practices in violation of the Pennsylvania Human Relations Act.

45. In discriminating against and harassing Mr. Ali because of his age, and in retaliating against Mr. Ali because of his complaints about discrimination, harassment and retaliation, Defendant CCS violated the Pennsylvania Human Relations Act.

46. Defendant CCS engaged in an intentional effort to terminate and otherwise discriminate against and harass older employees and retain younger employees.

47. Defendant intentionally discriminated against, harassed and retaliated against Mr. Ali.

48. Defendant's intentional violations of the PHRA warrant an award of damages to compensate Mr. Ali for his emotional distress suffered as a result of Defendant's violations of the PHRA.

49.    As the direct result of the aforesaid unlawful employment practices engaged in by Defendant, Plaintiff Tariq Ali has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon and has incurred attorneys' fees and costs.

## PRAYER FOR RELIEF

50.    Plaintiff Tariq Ali repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant:

a.    Declaring that the acts and practices complained of herein violate the ADEA and the PHRA;

b.    Enjoining future violations of the ADEA and PHRA by CCS;

c.    Ordering appropriate equitable relief, including reinstatement or front pay;

d.    Ordering Defendant to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination, harassment, and retaliation;

e.    Awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of the Defendant's discriminatory and retaliatory conduct;

9

f.   Awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures and pain and suffering;

g.   Awarding punitive damages to Plaintiff as permitted by the laws at issue in this matter;

h.   Awarding Plaintiff costs of this action together with reasonable attorneys' fees;

i.   Awarding Plaintiff such other damages as are appropriate under the ADEA and the PHRA; and

j.   Granting such other relief as this Court deems just and proper.

### **JURY DEMAND**

Plaintiff Tariq Ali hereby demands trial by jury as to all issues so triable.

James A. Bell IV, Esquire
PA Attorney I.D. No.  81724
Christopher A. Macey, Jr., Esquire
PA Attorney I.D.  No. 207800
Bell & Bell LLP
1617 JFK Blvd. – Suite 1020
Philadelphia, PA 19103
(215) 569-2500

Attorneys for Plaintiff Tariq Ali

DATE:  August 10, 2016